STATE ex rel. HENRY A. HILDEBRANDT v. MICHAEL W. FITZGERALD.[1]

February 16, 1912.

Nos. 17,488—(242).

**Registration of mortgages.**

Chapter 328, Laws 1907, construed, and *held*, that it was the intention to constitute all mortgages upon real estate a class for the purpose of taxation, and that a mortgage given to secure an indebtedness of $50 or less is within the operation of the law, and taxable thereunder.

**Act constitutional.**

As so construed, the law is constitutional.

Upon petition to the district court for Ramsey county by Henry A. Hildebrandt, the court granted its writ of mandamus directing Michael W. Fitzgerald, as registrar of titles in and for Ramsey county, to show cause why he had not received, filed and registered the mortgage deed specified in the writ, as required by law. From the judgment entered upon the order sustaining relator's demurrer to the answer, Olin B. Lewis, J., respondent appealed. Reversed.

*Hermon W. Phillips,* for relator.

*William G. White,* for respondent.

BUNN, J.

The relator presented to the district court for Ramsey county a

[1] Reported in 134 N. W. 728.

petition for a writ of mandamus to compel respondent, as registrar of titles of said county, to register a mortgage made by the Midway Realty Company to relator October 24, 1911, to secure an indebtedness of $50. The petition alleged that the title to the land mortgaged was registered under the Torrens act, that the mortgage was tendered to respondent, as registrar of titles, for registration, together with the fees for filing and registering the same, and that respondent refused to file or register such mortgage. Upon this petition an alternative writ of mandamus was issued as prayed.

Respondent answered, admitting the allegations of the petition, but alleging as his reason for refusing to register the mortgage that the registration tax thereon provided by chapter 328, p. 448, Laws 1907 [R. L. Supp. 1909, §§ 1038—25 to 1038—33], had not been paid; that the mortgage had not been presented to the county treasurer for the payment of such tax, or for the placing on the mortgage of the indorsement of the county treasurer that the mortgage is exempt from such tax; and that neither the indorsement that the tax had been paid nor that the mortgage was exempt was ever placed upon the mortgage.

To this answer relator demurred. The trial court sustained this demurrer, and judgment was entered that a peremptory writ of mandamus issue. From this judgment, respondent appealed to this court.

The question for our decision is this: Is a mortgage for $50 or less taxable under chapter 328, p. 448, Laws of 1907?

The decision of the trial court that the mortgage in question was not taxable under this law was based upon the language of section 2 of the act, reading as follows: "A tax of fifty cents is hereby imposed upon each one hundred dollars, or major fraction thereof, of the principal debt or obligation which is or in any contingency may be secured by any mortgage of real property situate within the state which mortgage is recorded or registered on or after April 30, 1907." It is not only admitted by both counsel, but asserted, that if the construction placed on the law by the trial court is correct, the law is unconstitutional, because there is no basis for a classification of

117 M.—13.

mortgages for the purposes of taxation according to the amount of the debt secured thereby. Counsel for relator insists that this construction is necessary, and that the law is and should be declared unconstitutional; while counsel for the respondent in the court below urges the unconstitutionality of the law, if the trial court's construction is upheld, as an argument for a construction of the law which would make it valid.

This law was held constitutional after exhaustive arguments in Mutual Benefit Ins. Co. v. County of Martin, 104 Minn. 179, 116 N. W. 572. The chief attack made against the law in that case was that· it provided for a classification that was improper and illegal under the amendment to the Constitution adopted in 1906 providing that "taxes shall be uniform upon the same class of subjects." This court held that the law declared that "mortgages upon real estate shall constitute a class," and that such a classification was a reasonable one, suggested by essential differences of nature, situation, or circumstances, between a mortgage on real estate, and notes, bonds, or unsecured debts. The contention in that case that the tax was not uniform upon all subjects of the same class was held unfounded. Justice Elliott said:

"Under this provision all property belonging to the same class must be treated alike. There must be no discrimination between the subjects of that class. The same means and methods must be applied impartially to all the constituent elements of the class. The amount of the debt secured by the lien furnishes the normal and natural standard for measuring the amount of tax which shall be paid when a mortgage is recorded under this statute."

While it does not appear to have been urged in the above case that the law did not apply to mortgages securing debts of $50 or less, the decision clearly proceeds upon the basis that the act provides a uniform tax upon all mortgages, and therefore that the constitutional requirement that "all taxes shall be uniform upon the same class of subjects" was satisfied. It is to us quite apparent that this constitutional requirement is not satisfied if any mortgages are omitted from the operation of the act. It was again held that chap-

ter 328, p. 448, Laws 1907, was constitutional in State v. Farmers & Mechanics Savings Bank, 114 Minn. 95, 130 N. W. 445, 851, though the precise point here urged was not there presented. While these decisions do not necessarily preclude our declaring the act invalid on a ground not argued in those cases, yet we should be very reluctant to reach a result opposed to the results reached in such cases, both of which were thoroughly argued and considered. There can be no doubt of the beneficial character of the act. Its objects are well stated in the Martin County case. For these reasons it would be extremely unfortunate if we were now obliged to hold the law unconstitutional.

We approach the construction of the act in question under the guidance of certain familiar rules. In the first place, the intent of the legislature is to be ascertained from the language of the entire act, read in the light of the object evidently in view; that is, doing away with the inequality and injustice that often resulted under the old system. Secondly, the elementary rule that every presumption is in favor of the constitutionality of an act of the legislature, and that the court should not declare it unconstitutional, except when satisfied after the most careful consideration that it conflicts with some provision of the state or Federal Constitution. Thirdly, the rule, peculiarly applicable here, that if the act is reasonably susceptible of two different constructions, one of which will render it constitutional and the other unconstitutional, the former construction must be adopted.

Applying these rules to the construction of chapter 328 and for the present leaving section 2 out of consideration, it is plainly apparent from the language of the entire act that the legislature intended to constitute mortgages on real estate a class for the purposes of taxation, and did not intend to exclude from the class any subject that properly came within it; that is, did not intend to exclude mortgages given to secure an indebtedness of $50 or less. No reason has been or can be suggested for omitting such mortgages from the operation of the act, and no language used either in the

title of the act or in any provision thereof, unless it be in section 2, evidences any intention whatever to omit such mortgages.

The title is: "An act to provide for the taxation of mortgages of real property." By section 1 the word "mortgages," as used in the act, is defined: It "shall mean any instrument creating or evidencing a lien of any kind" upon real estate. Section 3 provides that "all mortgages upon which such tax has been paid" shall be exempt from all other taxes. Section 4 provides that, in case of mortgages made to a mortgagee in trust to secure the payment of bonds or other obligations to be issued thereafter, a statement may be included therein of the obligations issued and to be issued, and that the tax shall be computed upon the amount so stated. Section 5 provides how the tax shall be paid, that the treasurer's receipt shall be indorsed on the mortgage, or, if the mortgage is exempt from taxation, that such fact shall be so indorsed thereon. Section 6 provides that, when the real estate described in the mortgage is not taxed by direct tax upon the assessed valuation thereof, the registration tax shall be paid to the State Treasurer; but as to all real property described in any mortgage taxed upon an assessed valuation the registry tax shall be paid as provided in section 5 hereof." Section 7 provides that *no such mortgage* shall be recorded after April 30, 1907, unless said tax shall have been paid. Section 8 provides that "all mortgages of real estate recorded or registered prior to April 30, 1907, shall be taxable as provided by law under the provisions of law relating thereto prior to the enactment hereof: Provided, that the holder of any such mortgage may pay　*　*　* the tax herein prescribed. 　*　*　* Thereafter such mortgage debt shall not be otherwise taxable."

The provisions quoted above are sufficient to indicate clearly an intention to impose a registration tax upon all mortgages. All that is lacking to make the act complete is the amount of the tax, and the measure by which the amount to be paid on each mortgage shall be ascertained. Section 2 was intended to fix the rate and the measure. The language of that section is unfortunate: "A tax of fifty cents is hereby imposed *upon each one hundred dollars, or*

*major fraction thereof,* of the principal debt or obligation which is, or in any contingency may be, secured by *any* mortgage of real property within the state." As we held in the Martin County case, supra, the tax is not upon the indebtedness, but upon the security. While the language of the section is that "a tax of fifty cents is hereby imposed upon each one hundred dollars" of the indebtedness, it is still true that the tax is not imposed upon the indebtedness at all, but is imposed upon the security or lien given by the mortgage. The amount of the debt is used to determine the value for taxation of the security or lien, and this is clearly proper. The language of section 2, therefore, must be considered as an attempt to fix the rate of taxation and the method for applying the rate to a particular mortgage.

It would have saved trouble had the legislature simply fixed the rate, and left the computation to the officials upon whom the duty of collecting the tax was imposed; but it was apparently thought that it would economize labor or save making change to establish a unit of $100 as a measure or yardstick. In making the unit "one hundred dollars, or major fraction thereof," the lawmakers apparently did not have in mind that mortgages might be given to secure $50 or less, and thus that the measure provided could not be used. But as there was no reason whatever for not taxing these small mortgages, as well as larger ones, as the entire act indicates an intention to tax *all* mortgages, and especially as it would otherwise be unconstitutional, we think that the language of section 2 is reasonably susceptible of the construction that it does not exclude from the operation of the act mortgages of $50 or less, and that we should so construe the law in order to avoid declaring it unconstitutional. That it would be unconstitutional if construed as it was by the trial court, and that it is constitutional as we construe it, is, we think, clear.

A mortgage of $50 or less is either taxable under the law or not within its operation at all. If not within its operation, the security or lien is not taxed at all, though the indebtedness is subject to a tax of three mills as a credit under chapter 285, p. 397, Laws 1911.

Such a result would be taking from the class formed by chapter 328, p. 448, Laws 1907, a subject that properly belongs there, and inserting it in the class formed by chapter 285, p. 397, Laws 1911, of which it is clearly not a proper subject, because it is a debt secured by a mortgage lien on real estate. This would endanger the constitutionality of both laws.

It may be suggested that the rule "de minimis non curat lex" could be applied to save the law. But the trouble is, not a lack of substantial equality of taxation, but a classification for which no basis can be suggested. That the omission from a class of subjects that clearly belong to such class would make the law invalid is plain. In justice to the trial court it should be stated that the effect of the construction of the law on its constitutionality was not argued or considered in that court, and we do not intimate that the construction adopted by the trial court would not be justified, if such construction did not make the law violate the Constitution of this state. We hold merely that the act is fairly susceptible of the construction we have given it, and that, as so construed, it is a valid law. The classification is a proper one, if, as we hold, all mortgages are included in the class, and the adoption of the unit system of ascertaining the amount of the tax on each mortgage, though it may result in slight inequality in a few cases, brings substantial equality and does not render the law void. This unit or measure can be legally used when the amount secured by the mortgage is more than $50, but is inapplicable when it is attempted to apply it to a mortgage of $50 or less, because the measure is too large.

This leaves only the question of what tax a mortgage of $50 or less is to pay. We think that the act shows an intent to fix a rate of one-half of one per cent applicable to all mortgages; that the unit or measure may be used, where it can be applied; but that, as to mortgages that are too small to be measured by the unit provided, the rate of one-half of one per cent. was intended to apply. This seems more logical than holding that every mortgage of $50 or under shall pay a tax of fifty cents. Such a holding would be inconsistent with saying, as we have said, that the legislature did

not have in mind that such small mortgages would be given, and for that reason adopted a measure that could not be used. It would be saying that the legislature intended to impose a tax of fifty cents on an indebtedness that was a *minor* fraction of $100 in spite of the language used, and in opposition to the clearly sound conclusion that it was not intended to impose a tax on the indebtedness at all.

We hold that a mortgage securing an indebtedness of $50 or less is within the operation of the law in question, and taxable, and that, as so construed, the law is constitutional.

Judgment reversed.

PHILIP E. BROWN, J., being absent on account of illness, took no part.