## SIGRI KORHONEN v. MISSABE ICE COMPANY AND MARYLAND CASUALTY COMPANY.[1]

September 22, 1922.

No. 22,962.

**Workmen's Compensation Act—accident arising out of employment—finding sustained.**

The plaintiff's husband was accidentally killed while in the employ of the defendant ice company which operated a gravel plant. It was his duty to put cars in place at the chute and attend to their loading. At the time of the accident a string of cars was being let down by a

[1]Reported in 189 N. W. 931.

railway company to the plant on a spur track by gravity. It was customary to spot the cars before they reached the plant. The deceased went up the track, beyond the spotting point, got on the end car of the moving train, and fell and was run over and killed. It was not usual to board a moving car and the deceased had been warned that he might get hurt. *Held* that the finding of the industrial commission that the accident arose out of and in the course of the decedent's employ-ment is sustained by the evidence.

Upon the relation of Missabe Ice Company and Maryland Casualty Company the supreme court granted its writ of certiorari directed to the state industrial commission to review its decision affirming an award of compensation to respondent under Laws 1921, c. 82, made by a referee, because of the death of her husband, Iver Korhonen. Affirmed.

*Abbott, MacPherran, Gilbert & Doan,* for appellants.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *Hugo V. Koch,* for respondent.

DIBELL, J.

Certiorari on the relation of the defendants to review an award of the industrial commission, under the compensation act (Laws 1921, p. 90, c. 82), to the plaintiff, the widow of Iver Korhonen, who was accidentally killed on October 16, 1921, while in the employ of the defendant Missabe Ice Company.

The defendant ice company operated a gravel crushing plant on Ely Lake in Sparta in St. Louis county. The Duluth, Missabe & Northern Railway Company delivered the cars to it over a spur track on premises leased by the defendant. It was the duty of Korhonen to load cars at the plant. A string of cars would be brought in by the railway switching crew and spotted some little distance from the gravel chute. The track was on a slight downward grade toward the plant. He would then let a car down to the spout, attend to the loading, then shunt it on, bring down another car, and the process was repeated. It was necessary for him to go upon a car when he let it down to the chute.

Just before Korhonen's death, the last car spotted on the spur having been loaded, there was a shut down of the plant to fix a belt. A string of cars was coming in on the spur under the control of the railway switching crew. As was usual the cars were being let down by gravity. Korhonen went up the track, beyond the spotting point, got on the end car, and in some way was run over and killed at a point 500 feet from the crusher. The foreman says it was usual to spot the cars so that the nearest one was 50 feet from the crusher. The brakeman says he spotted the cars 5 carlengths, which would be from 150 to 200 feet, from the crusher.

The defendant suggests that Korhonen was going up the track for a drink of water, or for some other purpose personal to himself, and so was not in the course of his employment within the meaning of the compensation act when run over and killed. This is all fancy. The evidence justifies no such inference. What he did is clear; or at least a clear inference of fact may be drawn from the evidence. His next work required him at the end car and he would be required to go upon it. He went up the track as the cars approached. He did not stop where the end car would be at the usual spotting point. He kept going and got on the car as it was moving by gravity at a speed of 2 or 3 miles an hour. It was perhaps a careless thing to do. It was unnecessary that he do as he did. He could have waited at the spotting point. There is a claim that he acted contrary to orders. He was warned by the foreman some months before, when he rode a car, that "he was likely to get hurt." This was on an occasion when he was riding "before the train left." It was but a warning. The case is not such as State v. District Court of Hennepin County, 138 Minn. 326, 164 N. W. 1012, L. R. A. 1918F, 881, where a messenger boy rode upon a vehicle in a street and on the same principle it is distinguished from West Side Coal & Mining Co. v. Industrial Com. 291 Ill. 301, 126 N. E. 218, and other cases cited.

Korhonen was doing something unusual. It may be conceded that he was negligent. The situation presented, however, is not such as to require a finding that by going up the track and getting on the car he was not within the course of his employment. Though doing

something unusual and though negligent the evidence sustains a finding that he was still about his master's work and in the course of his employment and that the accident arose out of it. We do not fail to note that the cars were at the time under the control of the railroad, and not yet turned over to the ice company. The finding of the commission is sustained by the evidence.

Order affirmed.