# NORA STEVENS v. VILLAGE OF NASHWAUK AND ANOTHER.[1]

## November 14, 1924.

## No. 24,224.

**Voluntary fireman within scope of his employment.**

1. A voluntary fireman responded to a call of a fire on power line pole in an inclosure. The fireman sent for the superintendent of the power company to come and shut off the current by throwing the switch located on the pole. The superintendent came and drove through an open gate into the inclosure, but, failing in his purpose, started to back out of the inclosure to go to another switch at another place, and the gate began to close. The fireman took hold of the gate to keep it from obstructing the exit of the superintendent, and, the gate being charged with electricity, was electrocuted; *held* that the fireman was acting within the scope of his employment.

**Compensation fixed by act of 1923.**

2. Such fireman was paid $2 for each call and $1 per hour for time spent at a call over one hour. His employment did not afford employment for any fixed or regular number of days in any one week. *Held* compensation was properly determined pursuant to section 13, chapter 300, Laws 1923, and not pursuant to subdivision 19, section 15, chapter 82, Laws 1921.

**Act of 1923 void because special legislation.**

3. The provisions of chapter 179, Laws 1923, which permit volunteer fire departments in the state to determine for themselves whether that law shall become operative as to them contravenes sections 33 and 34 of article 4 of the Constitution, prohibiting special legislation and requiring all laws to be uniform in their operation throughout the state, and is, therefore, void.

**Volunteer firemen are within the compensation act.**

4. Volunteer firemen are entitled to the benefit of the Workmen's Compensation Act.

**Award for attorney's fee.**

5. Attorney's fees awarded.

[1]Reported in 200 N. W. 927.

Upon the relation of the village of Nashwauk and The Ocean Accident & Guarantee Corporation, Ltd., the supreme court granted its writ of certiorari directed to the Industrial Commission to review its order awarding compensation in an action brought under the Workmen's Compensation Act by Nora Stevens, widow of Dan Stevens, employe, against the Village of Nashwauk employer, and its insurer. Affirmed.

*Abbott, MacPherran, Dancer, Gilbert & Doan,* for relators.

*Gannon, Strizich & Farnand,* for respondent.

WILSON, C. J.

Certiorari to review an award of compensation made by the Industrial Commission. Dan Stevens, the deceased, was a member of the volunteer fire department of the village of Nashwauk. Responding to a call, the fire department found a fire on a pole of the Great Northern Power Company. Deceased was there as a fireman. The pole was within an inclosure made up of a wire fence with a wire gate. The superintendent drove his automobile into the inclosure, through an open gate to shut off the current. He was unable to do this. He started to back out, and as he did so the gate began to close. Stevens caught hold of the gate to keep it from obstructing the exist of the superintendent. The gate was charged with electricity and Stevens was electrocuted.

Deceased owned and operated a barber shop. The pay as a member of the fire department depended upon the number of calls and the hours spent at each call, the rate of pay being two dollars for each call, provided it did not exceed one hour and one dollar for each additional hour. He received about $18 per year. He received no other wages. He is survived by his widow who is totally dependent upon him for support. The referee denied compensation and, on appeal to the commission, plaintiff was granted an award. The village and its insurer brought the case to this court.

It is said that the deceased when he received the fatal injury was not in the course and scope of his employment. He responded to the fire call. He was there with other members of the fire depart-

ment to perform his duties. It was found advisable to have the current turned off in order to facilitate the extinguishment of the fire. The firemen sent for the superintendent of the company to do this. While waiting for him, the firemen, including decedent, guarded the premises and doubtless were in readiness to do any necessary act to avoid the spreading of the fire. This was a part of their duty. The superintendent was attempting to throw the switch, on the burning pole, to turn off the current so as to make the work of the firemen possible or at least safer. Being unable to accomplish his object, he concluded to back out of the inclosure and go to another place, which he later did, and, when decedent saw the gate closing in a way that obstructed the superintendent, he undertook to assist him and was, as we view the situation, stricken down in the performance of his duty. He was in the act of helping to do a necessary thing incident to fighting the fire. It is argued that he did no more than a bystander would have done. Perhaps not. Being a fireman he should not have done less than a bystander. We cannot say that he would have been equally exposed to the same danger apart from his employment. He was there ready to respond to any emergency that might offer an oppor-tunity for service. It was his duty to act. He did that which appeared necessary and which under ordinary conditions would not have been dangerous. He was furthering the enterprise in which he was engaged. His duties exposed him to the danger which caused his death, and we conclude that the accident arose out of the employment. State ex rel. Rau v. District Court, 138 Minn. 250, 164 N. W. 916, L. R. A. 1918F, 918; State ex rel. V. & R. L. Co. v. District Court, 138 Minn. 131, 164 N. W. 585, L. R. A. 1918C, 116; State ex rel. Miller v. District Court, 138 Minn. 326, 164 N. W. 1012, L. R. A. 1918F, 881; Korhonen v. Missabe Ice Co. 153 Minn. 150, 189 N. W. 931; Novack v. Montgomery Ward & Co. 158 Minn. 495, 198 N. W. 290.

The Industrial Commission has made a finding to the effect that the daily wage of Stevens on the day of the accident was $3, and that the employment in which the employe was engaged at the time of the accident did not afford employment for any fixed or

regular number of days in any one week. On this date the call exceeded one hour, and if decedent had not suffered the accident he would have received $1 additional or a total of $3 for the service rendered by him up to the time of the accident. Upon this basis the commission determined the weekly wage as five and one-half times the daily wage. Section 13, chapter 300, p. 409, Laws 1923. Forty per centum of this (subdivision 6, section 15, chapter 82, p. 99 Laws 1921), gives $6.60 which amount was awarded as weekly payments, payable at the end of each period of two weeks, during dependency not exceeding the sum of $7,500, and funeral expenses not exceeding $150. It is the claim of the relators that the commission should have determined the award pursuant to subdivision 19 of section 15, chapter 82, p. 101, Laws 1921, and it is argued that it is unreasonable for an employer, who commands the services of an employe for such limited periods during the year, and to whom such employer pays such limited wages, to be required to pay compensation in the case of an injury at a rate which greatly exceeds the amount of wages. This disparity may exist in many awards under the compensation act and is worthy of only minor consideration. On the contrary can it be successfully maintained that the legislature intended to delay a wholly dependent widow in receiving her total reward as would result in the application of subdivision 19 of section 15? It in part reads thus:

"The compensation payable in case of death to persons wholly dependent shall be subject to a maximum compensation of eighteen ($18.00) dollars per week and a minimum of eight ($8.00) dollars per week; provided that if at the time of injury the employe receives wages of eight (8.00) dollars or less per week, then the compensation shall be the full amount of such wages per week."

To apply the language of the proviso in a case like this would result in an absurdity in that it would not compensate for anything. The commission has applied the more recent declaration of the legislature and its language as well as the spirit of the compensation act support its construction and application. The award was made in the proper amount.

By the terms of the Workmen's Compensation Act an employe who is a voluntary fireman is entitled to the benefits of its provisions. But chapter 179, p. 204, Laws 1923, being "An act relating to aid and assistance for members of volunteer fire departments and certain dependents in certain cases and appropriating money therefor" provides in section 8 thereof:

"Members of volunteer fire departments existing in cities, villages, boroughs or towns shall not be subject to the provisions of Chapter 82, Laws 1921, as amended, commonly known as the Workmen's Compensation Act, nor shall they receive any benefit thereunder."

The provisions of this 1923 law require some consideration. Section 4 thereof says:

"Within sixty (60) days after the passage of this act each volunteer fire department in this state desiring that its members and their dependents shall share in the benefits of this act, shall obtain, execute and file with the Commissioner of Insurance the questionnaire above referred to."

This language makes it optional with the volunteer fire departments of the state (except those in cities of the first class) to come within the provision of the act or not as they may decide. The law contemplates by its terms that it will become effective only as to those fire departments which do the specified acts within 60 days after its passage. Such facts present the inquiry as to whether this law contravenes sections 33 and 34 of article 4 of the state Constitution prohibiting special legislation as to municipalities and requiring all laws as to the same things to be uniform in their operation throughout the state.

A law is general and uniform in its operation when it operates equally upon all the subjects within the class of subjects for which the law is adopted. Under the Constitution it would seem that any legislation affecting municipal fire departments must reduce all fire departments touched to uniformity in respect to the particular with which the legislation deals. This law permits a division or separate status of the fire departments of the same class.

Some by acceptance come under the benefits and provisions of the law and others by their silence for the period of 60 days become immune to the law. Being adopted by some fire departments of the class affected and not by others of the same class must necessarily imperil its uniform operation throughout the state. Uniform operation of law cannot rest on a future contingency such as the possible acceptance by all the fire departments eligible to come within the purview of the act.

This form of legislation is not permissible. If so, the prohibition in the fundamental law would become a nullity. The fire departments which elected to come under the law could do so, and those that did not so elect could get another law passed operative upon such elective contingency containing the provisions they desired which might be rejected by others, and so on till there would be many laws general in form but all special in fact. Our conclusion is that the provision in this law which authorizes each fire department in the class affected to determine for itself whether, as to it, this statute shall become a law, contravenes the provision of the Constitution above mentioned, and the statute is therefore void. Lodoen v. City of Warren, 146 Minn. 181, 178 N. W. 741, and cases therein cited. This vice does not extend to such legislation as, the Workmen's Compensation Act which is based upon contract. Mathison v. Minneapolis St. Ry. Co. 126 Minn. 286, 295-296, 148 N. W. 71, L. R. A. 1916D, 412. In fact the compensation act merely permits the making of a voluntary contract between the employer and the employe. That is not the character of chapter 179, p. 204, Laws 1923, which is a law that is to become effective at the option of the fire departments within a limited time, and the municipality and its taxpayers have no voice in the matter. It is not a case where all the interested parties may make a contract if they so elect. In State v. Rogers, 97 Minn. 322, 106 N. W. 345, the act applied to all counties within the class to which the law applied and hence that authority is not inconsistent with our conclusion in this case. We agree with its holding that a law may become effective in the future as the legislature in its wisdom may provide.

It becomes unnecessary to discuss other questions in the briefs. The invalidity of this law permits voluntary firemen to continue to receive the benefits of the Workmen's Compensation Act.

The respondent herein is allowed $100 as attorney's fees in this court which are included in the judgment for and in addition to the usual costs and disbursements taxed herein.

Affirmed.