## MARIE MULLER AND OTHERS v. THEO. HAMM BREWING COMPANY AND OTHERS.[1]

June 26, 1936.

No. 30,922.

[1]Reported in 268 N. W. 204.

*Paul C. Thomas,* for appellants.
*Bundlie, Kelley & Finley,* for respondents.

I. M. OLSEN, JUSTICE.

The appeal is from a judgment in favor of the defendants, entered upon an order striking out the plaintiffs' reply and ordering judgment in favor of the defendants. Originally there were two causes of action pleaded. Plaintiffs dismissed the first cause of action.

The defendant Theo. Hamm Brewing Company is a corporation, organized in 1896 under the statutes of this state then in force, and has continued to exist and do business as such since that time. It was organized and has operated for business purposes. By its articles of incorporation its stock is divided into 19,000 shares of

$100 each. Of this stock, 7,500 shares are common and 11,500 preferred. Each share of stock, whether common or preferred, entitles the holder thereof to one vote at all stockholders' meetings. There is no provision in the articles or by-laws for cumulative voting. Of said stock the plaintiffs hold in the aggregate 6,427 shares of the preferred stock. Defendants hold in the aggregate 7,500 shares of the common stock and 5,073 shares of the preferred stock, or a total of 12,573 shares.

By L. 1933, c. 300, approved April 18, 1933, hereinafter referred to as c. 300, the legislature adopted what is commonly called the business corporation act or code, which made numerous material changes in the laws governing business corporations thereafter organized. Among these new statutory provisions are the following:

"Sec. 25, subsec. III. If notice in writing is given by any shareholder to the president or secretary of a corporation not less than twenty-four hours before the time fixed for holding a meeting for the election of directors that he intends to cumulate his votes in such election, each shareholder shall have the right to multiply the number of votes to which he may be entitled by the number of directors to be elected, and he may cast all such votes for one candidate or distribute them among any two or more candidates. In such case it shall be the duty of the presiding officer upon the convening of the meeting to announce that such notice has been given. If the articles of incorporation expressly provide that there shall be no cumulative voting, the provisions of this subdivision shall be inapplicable to such corporation."

The defendant corporation made no change in its articles or by-laws as to its meetings or as to the voting rights of its stockholders after c. 300 was adopted. It does not appear that plaintiffs ever claimed or attempted to exercise any rights under the new act prior to the commencement of this action.

It is further provided by § 61, subsec. I, of the act as follows:

"This act shall not apply to corporations in existence at the time it takes effect; but every such corporation formed under the laws of Minnesota, if formed for a purpose or purposes for which a cor-

poration might be formed under this act, may accept and come under this act, and every such corporation shall be conclusively presumed to have accepted and come under this act unless, within one year after this act takes effect, the corporation shall signify its election not to accept or be bound by the provisions of this act."

Defendant corporation did not signify its election not to accept or be bound by the act within the one-year limitation period stated. It continued its business and stockholders' meetings the same as before the act was passed.

Section 60 of the act provides:

"The state hereby fully reserves the right to alter, amend or repeal the several provisions of this act and all corporations formed or coming under this act are subject to such reserved right."

■ By L. 1935, c. 44, approved March 13, 1935, hereinafter referred to as c. 44, the legislature did exercise its right to change and amend c. 300 by providing:

"Every corporation * * * which did not file an acceptance of the terms of said act [L. 1933, c. 300] nor a refusal to accept or be bound by the provisions thereof prior to one year after the passage thereof and which shall not since April 18, 1934, have amended its articles of incorporation so as to extend the period of its duration, may file a refusal to accept or be bound by the provisions of said act at any time prior to May 1, 1935, with the same effect as if said refusal had been filed prior to one year after the passage of said act; * * *"

There is the further provision that a corporation which fails to file such refusal on or prior to May 1, 1935, shall be conclusively presumed to be and to have been bound by the act of 1933, after one year from its passage. Pursuant to this act defendant corporation duly adopted a resolution, by majority vote of all the stock of the corporation, electing "not to accept or be bound by the provisions of Chapter 300, Laws of 1933," and refusing to come under the provisions thereof. This resolution was adopted April 8, 1935, and a certified copy of said resolution was duly presented to the secretary

612

of state and filed and recorded in his office on April 26, 1935. The prescribed fee was paid and a certified copy duly recorded in the register of deeds' office.

■ Plaintiffs contend that the corporation could not in 1935 elect not to come under the provisions of c. 300 without a vote of the holders of two-thirds of the shares of each class of stock. But by § 61, subsec. II, of that chapter, it is expressly provided that in electing to accept or not to accept and come within the act the resolution shall be by majority vote of all the stockholders. No vote by classes of stockholders is provided for or required. Chapter 44 does not prescribe the manner of voting on the resolution not to accept or be bound by c. 300. That chapter must be held to refer back to c. 300 for the manner of adopting the resolution not to accept or be bound by the existing law. The vote by majority of all the stockholders, irrespective of class, on a question of accepting or refusing to accept the provisions of the new corporation law, is also recognized in L. 1935, c. 117, § 10, which amends c. 300, § 61, subsec. III, which refers back to c. 300 for the manner of procedure, and extends, without limitation, the time within which a corporation may elect to come within the act. We find no provision of the several acts requiring any vote by classes or any vote other than by a majority of all stockholders, which we take to mean the vote of the holders of the majority of all shares of stock, irrespective of class, upon the question of accepting or refusing to accept the new corporation law.

■ Plaintiffs contend that defendant corporation, having failed to elect not to accept the provisions of c. 300 within one year after its enactment, became bound thereby and thereafter could not, by resolution or otherwise, elect not to accept or be bound thereby without a vote of two-thirds of the stock of each class, even under c. 44. The two-thirds vote requirement and the requirement of a two-thirds vote of each class, found in c. 300, § 36, subsec. III(b, c, and d), expressly apply only to the vote required on the question of amending the articles of incorporation. So also does L. 1935, c. 117, § 8, amending c. 300, § 36, subsec. III(d). Accord-

ingly, there is no provision in either of the three acts in question requiring a two-thirds vote of all the stock, or a two-thirds or majority vote of each class of stock, on the question of accepting or refusing to accept the provisions of c. 300. The vote on that question is the majority vote of all the stockholders as provided by c. 300, § 61, subsec. II. There has been no amendment or repeal of that subsection.

■ The next claim urged is that L. 1935, c. 44, is unconstitutional and invalid. Plaintiffs argue that the defendant corporation, failing to file a refusal to be bound by c. 300 within the one-year limitation period provided therein, became bound thereby, and that thereby these plaintiffs acquired the right to ·cumulative voting on the election of directors and additional voting rights on amendments of its charter; that this was a valuable property right which could not thereafter be taken away by legislative act. Assuming, without so deciding, that the corporation became bound by c. 300 after April 18, 1934, it does not follow that a mere restoration of the corporation to its status as it existed before that date invades any property rights of the plaintiffs. They have not parted with any property or by any act of theirs changed their status since the enactment of c. 300. As to them, any additional voting rights granted were a voluntary gift by the legislature, and that body, having expressly reserved to itself the right, by amendment or repeal of the act, to retake what it granted thereby, these plaintiffs are not in a position to complain of c. 44 on the ground here claimed. If the change in the voting rights of these plaintiffs was beneficial and valuable to them as minority stockholders, it ·was necessarily equally detrimental to the majority stockholders. To provide a method by which all the stockholders are placed in the same position as they were before c. 300 was enacted, where, as here, nothing has been done by the corporation or its stockholders under that act, does not appear to violate any constitutional provision.

■ It is argued that c. 44 is class legislation and invalid on that ground. It classifies the stockholders as those who had filed no acceptance or refusal to accept the provisions of c. 300, as distinguished from those who had filed such acceptance or refusal to

accept. We see no objection to such classification. The only basis for any claim of class legislation is the added further qualification that the corporation "shall not since April 18, 1934, have amended its articles of incorporation so as to extend the period of its duration." April 18, 1934, is the date limited by c. 300 for the filing of an acceptance or refusal to accept the provisions of c. 300. It is apparent that the legislature considered that a corporation which had since that date amended its articles had thereby accepted the provisions of c. 300, or else that it took the same status as a new corporation organized after the adoption of that act. The language of c. 44 might well have been made more specific on that point, but we are not prepared to hold the act unconstitutional as class legislation.

■ The rules governing this court in determining the constitutionality of an act of the legislature are well established by our decisions. Every law is presumed to be constitutional in the first instance. An act will not be declared unconstitutional unless its invalidity clearly appears, or, as said in some of our cases, unless it is shown beyond a reasonable doubt that it violates some constitutional provision. The power of the court to declare a law unconstitutional is to be exercised only when absolutely necessary in the particular case, and then with great caution. A citation of cases is not here necessary. They are given in 6 Dunnell, Minn. Dig. (2 ed.), in the notes under §§ 8929, 8930, and 8931, and the same sections in the 1932 and 1934 supplements.

■ It is further claimed that c. 44, adopted March 13, 1935, was repealed by c. 117, adopted April 5, 1935. Chapter 117 amends specific sections and subsections of c. 300, and so states in its title. It does not amend or repeal c. 300, § 61, subsec. I or II, and does not amend or repeal c. 44. It cannot be assumed that in adopting c. 117 the legislature had overlooked or forgotten c. 44, passed by it less than a month before. In all probability the two acts were in the same committee, and c. 44, being the shorter and simpler law, was reported out and passed first. In c. 117 care was taken not to amend or repeal the c. 44 adopted shortly before. Chapter 44, extending the time for a corporation not to come within c. 300, said

nothing about extending the time within which corporations might elect to come within that chapter. The legislature evidently considered that as it had already extended the time for corporations not to come within c. 300 there should also be an extension granted for corporations to accept and come within that law, and accordingly, by c. 117, § 10, it provided that corporations might elect to come within c. 300 at any time, whether they had or had not theretofore elected not to come within c. 300. It follows that L. 1935, c. 44 and c. 117, are not in conflict, and there is no repeal of c. 44.

What has already been said sufficiently covers the claim that c. 44 is arbitrary and discriminatory. We find no ground for so holding.

■ Some claim is made that in passing the resolution not to accept or be bound by c. 300 the defendant corporation exceeded its powers under its charter and the law governing it. Cases are cited involving the powers of corporations under their charters. Here the corporation acted under express statutory provisions, and, if the statutes are valid, it did not exceed its power to act.

■ The defendants question the constitutionality of c. 300. After what has already been said, it is not necessary for the decision in this case to determine that question. That this law, if given effect, does materially affect the rights of the majority stockholders under the charter of the corporation and the laws as they existed at the time the law was adopted is apparent. If c. 44 were held to be class legislation, it would seem that c. 300 would be equally so. See Stevens v. Village of Nashwauk, 161 Minn. 20, 200 N. W. 927. But the question need not and should not here be determined.

Many cases have been cited by both parties on various phases of corporation law and statutes. We do not deem it necessary to analyze or cite them here.

Judgment affirmed.