## ELWOOD B. GROBE AND ANOTHER v. OAK CENTER CREAMERY COMPANY.

113 N. W. (2d) 458.

February 9, 1962—No. 38,245.

*Harry H. Peterson* and *Willis E. Donley,* for relators.
*Daniel F. Foley,* for respondent.

MURPHY, JUSTICE.

This case is before us on certiorari to review an order of the District Court of Wabasha County granting the petition of the Oak Center Creamery Company, a cooperative, to condemn a part of the relators' land. The easement is sought for use in the construction and operation of a sewer drain for disposal of waste flowage from the creamery establishment. The right to take the property by eminent domain is predicated on Minn. St. 308.39, which reads as follows:

"Any creamery association organized in the state of Minnesota shall have the right, power, and authority to condemn lands under the right of eminent domain for easements for sewers and sites for filtration plants to take care of all sewage and refuse made in the operation of its business, which power and authority shall be exercised under and pursuant to the terms and provisions of chapter 117, and acts supplemental thereto."

It is the relators' contention that this statute is unconstitutional on its face in that it authorizes the taking of private property for private use in violation of Minn. Const. art. 1, § 13.

It appears from the briefs that both parties are content that the decision of this court should rest upon the narrow issue of the inherent unconstitutionality of the statute. The respondent argues that because the proceeding is here without a settled case or certificate of the trial court the evidence taken at the hearing may not be considered.[1] The relators argue that the evidence taken in the district court is "entirely unnecessary to determine the questions presented for decision by the relators" and that "[t]he Legislature lacks the power to authorize such a taking. Both the taking and the statute authorizing the same are plainly unconstitutional."

■ It is well established that every law is presumed to be constitutional in the first instance and that an act will not be declared unconstitutional unless its invalidity appears clearly or unless it is shown beyond a reasonable doubt that it violates some constitutional provision.

"* * * The power of the court to declare a law unconstitutional is to be exercised only when absolutely necessary in the particular case and then with great caution."[2]

---

[1] It is fundamental that the sufficiency of the evidence cannot be considered in the absence of a settled case or certificate of the trial judge as to the accuracy and fullness of the record returned. State ex rel. Town of Dovray v. Nelson, 145 Minn. 31, 176 N. W. 181; 3 Dunnell, Dig. (3 ed.) § 1402.

[2] State v. Lanesboro Produce & Hatchery Co. 221 Minn. 246, 255, 21 N. W. (2d) 792, 796; State ex rel. Utick v. Board of County Commrs.

62

In In re Condemnation by Dairyland Power Co-op. 248 Minn. 556, 565, 82 N. W. (2d) 56, 63, where we had before us the question of the constitutionality of a statute purporting to authorize an electric co-operative to exercise the right of eminent domain, we said:

"Moreover, the legislature is aware of the growth and development of cooperatives and their present-day importance. Judicial restraint demands a deference to the will of the legislature which requires that we assume it intended the power granted should be exercised for a public purpose within the framework of the constitution."

■ We cannot agree with the relators that a review of the facts bearing upon the application of the statute is not necessary to determine the constitutional issue. The constitutionality of a statute cannot in every instance be determined by a mere comparison of its provisions with the applicable provisions of the constitution. A statute may be constitutional and valid as applied to one set of facts and invalid in its application to another.[3] This is particularly true of statutes granting the right of eminent domain. We have in recent years considered a number of cases involving the constitutionality of such statutes and have considered that question against the factual background of each case.[4] The records in each of these cases, including the Dairyland

87 Minn. 325, 92 N. W. 216, 60 L. R. A. 161; Dimke v. Finke, 209 Minn. 29, 32, 295 N. W. 75, 78; State ex rel. Hildebrandt v. Fitzgerald, 117 Minn. 192, 134 N. W. 728; Reed v. Bjornson, 191 Minn. 254, 253 N. W. 102; Muller v. Theo. Hamm Brewing Co. 197 Minn. 608, 268 N. W. 204; Minneapolis Gas Co. v. Zimmerman, 253 Minn. 164, 173, 91 N. W. (2d) 642, 650; 17 Dunnell, Dig. (3 ed.) §§ 8929, 8930, 8931.

[3]Max Factor & Co. v. Kunsman, 5 Cal. (2d) 446, 55 P. (2d) 177; Dahnke-Walker Milling Co. v. Bondurant, 257 U. S. 282, 42 S. Ct. 106, 66 L. ed. 239; 16 C. J. S., Constitutional Law, § 71. See, also, Borchert v. City of Ranger (N. D. Tex.) 42 F. Supp. 577; Minnesota Rate Cases, 230 U. S. 352, 33 S. Ct. 729, 57 L. ed. 1511, 48 L. R. A. (N. S.) 1151, Ann. Cas. 1916A, 18.

[4]Housing & Redevelopment Authority v. Minneapolis Metropolitan Co. 259 Minn. 1, 104 N. W. (2d) 864; Housing & Redevelopment Authority v. Greenman, 255 Minn. 396, 96 N. W. (2d) 673; Thomas v. Housing & Redevelopment Authority, 234 Minn. 221, 48 N. W. (2d) 175; Asch v. Housing & Redevelopment Authority, 256 Minn. 146, 97 N. W. (2d)

case which was reviewed on certiorari, came to us with a settled case.

The legislation comes to this court with a presumption in favor of its constitutionality. Where, as here, we cannot say the statute is inherently unconstitutional, its validity must stand or fall upon the record before the lower court and not upon assumptions this court might make in the absence of proof incorporated in a settled case. This is not a case where the constitutional facts are adequately ascertainable by judicial notice or even judicial assumption. Because of the absence of a settled case or a certificate of the trial judge as to the accuracy and completeness of the record, we decline to pass upon the constitutionality of the act.

Writ discharged.

MR. JUSTICE ROGOSHESKE, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.

656; In re Condemnation by Dairyland Power Co-op. 248 Minn. 556, 82 N. W. (2d) 56.