## FRED WALTERS AND OTHERS v. COUNTY OF OLMSTED.

204 N. W. 2d 214.

January 26, 1973—No. 43345.

*Memmer, Caswell & Parks* and *Seldon H. Caswell,* for appellants.
*D. P. Mattson,* County Attorney, for respondent.

Heard before Knutson, C. J., and Todd, MacLaughlin, and Murphy, JJ.

PER CURIAM.

Appeal from judgment of the District Court of Olmsted County holding that a county zoning ordinance enacted pursuant to L. 1959, c. 559, is valid and not unconstitutional. The Olmsted County Board of Commissioners on December 6, 1969, adopted an ordinance entitled:

"An ordinance setting minimum and maximum standards in the unincorporated areas of Olmsted County for the height and size of buildings, the size of yards, courts and other open spaces, the density of population, the location and use of buildings and land for trade, commerce, industry, residence and other purposes; creating districts for said purposes and establishing the boundaries thereof; providing for changes in regulations, restrictions and boundaries of such districts; defining certain terms used herein; providing for enforcement and administration, and imposing penalties for the violation of this ordinance."

Plaintiff property owners contend that the ordinance is invalid because the board of county commissioners which adopted it is allegedly not validly constituted; that c. 559 itself is unconstitutional in that it allegedly deprives plaintiffs of their property rights without due process; and that the ordinance as adopted is "arbitrary, capricious and discriminatory against the rights of the plaintiffs" and "deprives plaintiffs of the equal protection of the laws."

The ordinance to which the plaintiffs object is not set forth in the briefs nor are its provisions discussed. It was apparently adopted pur-

suant to a comprehensive plan of zoning areas outside the incorporated limits of municipalities within the county pursuant to Minn. St. 394.23, et seq. The objections asserted are entirely academic and are not set in the context of a meaningful record. Just what the objectionable provisions of the ordinance may be and how they assertedly prejudiced the rights of property owners in the county are not explained or demonstrated.

Prior decisions of this court require affirmation. The valid establishment of the Olmsted County Board of Commissioners is fully disposed of in our decision of Hanlon v. Towey, 274 Minn. 187, 142 N. W. 2d 741 (1966). With respect to the contentions that the ordinance is arbitrary and capricious or unconstitutional as being in deprivation of plaintiffs' rights under the Fourteenth Amendment, see Town of Oronoco v. City of Rochester, 293 Minn. 468, 197 N. W. 2d 426 (1972); Williams v. Rolfe, 262 Minn. 284, 114 N. W. 2d 671 (1962); Grobe v. Oak Center Creamery Co. 262 Minn. 60, 113 N. W. 2d 458 (1962); Minneapolis Gas Co. v. Zimmerman, 253 Minn. 164, 91 N. W. 2d 642 (1958); Connor v. Township of Chanhassen, 249 Minn. 205, 81 N. W. 2d 789 (1957).

Affirmed.