## STATE EX REL. DANIEL MILLER v. DISTRICT COURT OF HENNEPIN COUNTY AND ANOTHER.[1]

November 16, 1917.

No. 20,593.

**Workmen's Compensation Act — accident arising out of course of employment.**

A messenger boy, who in performing his duties traverses the streets of a city, departs from the scope of his employment when he climbs upon a passing vehicle, not owned or controlled by his employer, for the purpose of expediting his work, so that an accident which befalls him when upon such vehicle cannot be said to arise out of and in the course of his employment under the Workmen's Compensation Act.

[1]Reported in 164 N. W. 1012.

Upon the relation of Daniel Miller the supreme court granted its writ of certiorari directed to the district court of Hennepin county and the Honorable John H. Steele, one of the judges thereof, to review the proceedings in that court under the Workmen's Compensation Act brought by relator, as employee, against The Journal Printing Company, as employer. Affirmed.

*W. H. McGrath* and *B. W. Wilder,* for relator.

*K. A. Campbell* and *B. Burness,* for respondent.

HOLT, J.

Certiorari to review a judgment dismissing a proceeding under the Workmen's Compensation Act. The judgment recites that, when the cause came on for hearing, defendant's motion to dismiss was granted, on the ground that the matter alleged in plaintiff's complaint showed on its face that the accident, on account of which compensation was sought, did not arise out of or in the course of plaintiff's employment. The facts stated in the complaint are in substance these: Plaintiff, 17 years old, was in the employ of defendant as a messenger at $7 per week. In this work he was provided with car fare when the distance to carry the message was considerable, but not when the distance was as short as the one from defendant's place of business to the Shubert Theater, or five blocks. On November 20, 1916, at 3 o'clock in the afternoon, plaintiff, who had been sent by an employee of defendant, having authority to do so, to the Shubert Theater for tickets, was returning with them to defendant's office. It is alleged that plaintiff was unusually busy that day and, in his haste to return to the office to continue his duties, he climbed upon an automobile truck which was proceeding in that direction, and, while so riding, he slipped on a roller upon the floor of the truck, became entangled in the gears thereof and was severely injured. Upon the hearing of the motion, it was conceded that the truck was not the property of defendant or under its control.

No doubt the facts alleged show that the accident happened while plaintiff was in the course of his employment. But it must also appear that it arose out of the same. It must grow out of it or be incidental thereto. State v. District Court of St. Louis County, 129 Minn. 176, 151 N. W. 912; Mahowald v. Thompson-Starrett Co. 134 Minn. 113,

117, 158 N. W. 913, 159 N. W. 565; State v. District Court, 138 Minn. 131, 164 N. W. 585. This definition of the phrase "arising out of the employment," often quoted with approbation, is by Chief Justice Rugg in McNicol's Case, 215 Mass. 497, 102 N. E. 697, L.R.A. 1916A, 306:

"It (the injury) 'arises out of' the employment, when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

The majority of the court are of the opinion that plaintiff's employment was such that reasonable men could not conclude that, as an incident thereto, it might be expected that the hazard of accidental injury from obtaining rides on passing vehicles was connected therewith. It it thought that since plaintiff was provided with carfare when the messages were to go beyond a certain distance, he was to walk on all other occasions, and, therefore, when he sought other methods by which to accomplish his tasks, he departed from the scope or ambit of his employment, and while so doing was not protected by the compensation act.

The writer dissents from this conclusion and the disposition accordingly made of the appeal herein. The statute contemplates findings to be made after hearing of testimony, or, perhaps, upon stipulated facts. Whether an accident arises out of and in the course of an employment is ordinarily the ultimate decisive question of fact, to be determined upon a consideration of various facts and circumstances and the infer-

ences to be drawn therefrom. It seems to me that the allegations of the complaint herein are broad enough to admit proof which would warrant a finding that the accident arose out of the employment. It is entirely possible that, had testimony been received, it would have appeared that plaintiff was required at all times to carry messages over and along crowded streets; that he had to proceed with dispatch; that no order had been given him how to cover the ground; that his work was such, at the time in question, that he had to be back quickly; that messenger lads usually avail themselves of such "lifts" as they may be able to obtain from vehicles on the streets. And it is conceivable that, from such testimony, reasonable men might well conclude that one of the hazards of a messenger in defendant's employ was from accidents upon vehicles which he might ride, or be permitted to ride on his errands. In other words, that the accident was attributable to the peculiar liability to street risks inherent in the employment. Beaudry v. Watkins, 191 Mich. 445, 158 N. W. 16, L.R.A. 1916F, 576; Kunze v. Detroit Shade Tree Co. 192 Mich. 435, 158 N. W. 851, L.R.A. 1917A, 252. I concede that employers of messenger boys may limit the scope or sphere of the employment. And a departure from such limit might constitute an added risk for which compensation could not be had under the law. But in this case there may not have been any restriction. Defendant may even have known and acquiesced in the method adopted by plaintiff in dispatching its business. If plaintiff availed himself of the opportunity to ride on passing vehicles, with the knowledge and assent of defendant, his so doing could not be considered an added risk. Mann v. Glastonbury Knitting Co. 90 Conn. 116, 96 Atl. 368, L.R.A. 1916D, 86. In the absence of proof and finding, it should not be assumed that plaintiff, in getting on this truck, did a wrongful act or turned aside from the employment to serve his own purpose so as thereby to place himself outside the pale of the act, as was held in Brice v. Edward Lloyd Ltd. 2 B. W. C. C. 26; Spooner v. Detroit Saturday Night Co. 187 Mich. 125, 153 N. W. 657, L.R.A. 1916A, 17. If the employees in certain vocations ordinarily pursue some customary method of doing their work, the risks or hazards connected with the method thus pursued grow out of, or become incident or peculiar to, those vocations. And does not ordinary observation convince us that the customary method pursued by messenger

lads of 17 years, and younger, in performing their work upon the streets of a city is to avail themselves of a ride on the way afforded by the opportunity of boarding passing vehicles? That this may be a negligent method of doing the work does not affect the right to be compensated for accidental injuries under this law. I therefore think the court should not have dismissed the case, but should have heard the evidence and made proper findings, the controlling one of which would have been whether or not the accident which caused the injury arose out of and in the course of plaintiff's employment.

But for the reason first above stated the decision of the learned trial court must be sustained.

Judgment affirmed.