IN RE COMPENSATION FOR INJURIES OF FRANK PATTER-
SON v. MICHAEL J. O'NEIL, DOING BUSINESS
AS O'NEIL & PRESTON.[1]

December 23, 1921.

No. 22,466.

Workmen's Compensation Act—returning signal lantern to tool house.

1. A workman, whose duty required him to collect the signal lanterns placed on the work and carry them to the tool house, was within the protection of the Workmen's Compensation Act while on his way to the tool house, although he did not follow the public streets, but took a generally traveled and shorter route along a railway track.

Deduction for amount of settlement with railway company.

2. By making a settlement with the railway company, he did not waive his right to compensation from his employer, except to the extent of the amount actually received under the settlement.

Upon the relation of Michael J. O'Neil and another, partners doing business under the name of O'Neil & Preston, the supreme court granted its writ of certiorari directed to the district court for Hennepin county and the Honorable Charles S. Jelley, one of the judges thereof, to review proceedings in that court brought under the Workmen's Compensation Act by Frank Petterson, employe, against relators, employers. Affirmed.

Walter L. Chapin, for relators.

John R. Coan and A. D. Devold, for respondent.

TAYLOR, C.

Certiorari to review a judgment of the district court of Hennepin county awarding compensation to plaintiff, under the Workmen's Compensation Act, for injuries sustained while in the employ of defendants.

[1]Reported in 185 N. W. 948.

The compensation act gives compensation to an employe for injuries "caused by accident arising out of and in the course of his employment," but declares that this provision does not "cover workmen except while engaged in, on, or about the premises where their services are being performed, or where their service requires their presence as a part of such service at the time of the injury." G. S. 1913, § 8230 (i).

Defendants contend that at the time of the accident plaintiff had departed from the premises where his services should have been performed and received his injuries at a place where his services did not require him to be, and for that reason is not entitled to compensation.

The defendants are contractors and plaintiff was one of their employes. In the spring and summer of 1920, they were engaged in constructing a sewer in the Village of Walnut Grove in Redwood county, and it was one of the duties of plaintiff to place signal lanterns on the work each evening and gather them up and return them to the tool house each morning. The Chicago & North Western Railway runs through the village in an east and west direction. Dewey street runs east and west one block north of the railroad right of way. North street runs east and west along the north side of the right of way. Eighth street runs north and south, and crosses the railroad at the west end of the depot grounds and intersects North street and Dewey street. The depot is on the north side of the main track and in the second tier of blocks east of Eighth street. What is called the house track or loading track passes north of the depot and as it extends west to Eighth street is about 30 feet north of the main track. Teams engaged in loading and unloading freight passed between this track and the main track in going to and from Eighth street. Pedestrians also traveled between these tracks in going to and from the depot. Defendants' tool house was on Dewey street in the third tier of blocks east of Eighth street. On the morning of June 23 plaintiff collected the lanterns which had been placed on work in Eighth street south of the railroad, and with six on each arm started for the tool house. He proceeded north on Eighth street until he had crossed the main track, and then turned and proceeded

east toward the depot, walking along and a few feet north of the main track. When some 40 feet from the east line of Eighth street, he stepped close to the track to avoid a puddle of water, and as he did so was struck by the pilot beam of a locomotive coming behind him from the west, and sustained the injuries for which he seeks to recover. He was deaf and had not heard the train, but admits having seen it coming when he was at Eighth street, but says he did not think it was so near.

Defendants insist that he ought to have continued on Eighth street to North street or Dewey street, and then have turned down one of these streets to the tool house, and that leaving this safe route and taking the dangerous route along the railroad track was such a departure from the proper route that he was not within the protection of the compensation act at the time of the injury. Plaintiff states that he had traveled this same route every day because it was a public passageway and shorter than the other. The photographs show a well defined pathway, and the trial court, on ample evidence, found that it was generally used by pedestrians. The trial court further found "that the injuries sustained by the plaintiff arose out of and in the course of his employment by the said defendants," and we think this conclusion was fully justified by the evidence. He was performing his duty in carrying the lanterns from the work to the tool house, and taking a commonly traveled and shorter route than the public streets was not a departure from the place where his service required him to be within the meaning of the statute. At least the finding is not without evidence to support it, and, therefore, cannot be disturbed by this court. State ex rel. Niessen v. District Court, 142 Minn. 335, 172 N. W. 133; State ex rel. Peoples C. & I. Co. v. District Court, 129 Minn. 502; State ex rel. McCarty Bros. Co. v. District Court, 141 Minn. 61, 169 N. W. 274.

Defendants rightly place no reliance on the case of State ex rel. Miller v. District Court, 138 Minn. 326, 164 N. W. 1012, L. R. A. 1918 F. 881, where a messenger boy was injured while stealing a ride on a passing truck.

It appears that plaintiff had made a settlement with the railway company by which he received the sum of $450 and released the railway company from all claims on account of the injuries received. The railway company was not under part 2 of the compensation act. The statute, section 8229, G. S. 1913, provides that where a third party, not under part 2 of the act, is legally liable in damages for the injury, the employe may proceed against such third party, but that the amount actually received from such third party shall be deducted from the compensation payable by the employer. That the proper deduction was made in this case is not questioned. But a subsequent paragraph of the same section provides that, if the employe receives or recovers compensation from his employer, the employer shall be subrogated to his rights against such third party.

Defendants urge that plaintiff, by releasing the railway company, deprived them of their right of subrogation and thereby released them from liability. They argue that if an employe may, without the consent of the employer, make a settlement with the third party without waiving his rights against the employer, it opens the door for a collusive settlement with the party who caused the injury to the detriment of the employer. They make no claim, however. that the present settlement was collusive. Plaintiff replies, first: That the statute authorized him to make the settlement without waiving his claim against defendants, except to the extent of the amount which he received in the settlement; and, second, that he had no legal claim against the railway company and merely accepted the amount which the company consented to pay for a formal release from him.

The statute, after providing that the employe may proceed against a third party not under the act notwithstanding the liability of the employer under the act, continues:

"But in such case, if the action against such other party is brought by the injured employe * * *, and judgment is obtained and paid, or settlement is made with such other party, either with or without suit, the employer shall be entitled to deduct from the compensation payable by him, the amount actually received by such employe."

This statute clearly means that the employe may make a settlement with the third party and retain the right to collect from his employer any excess, payable under the act, over and above the amount actually received under the settlement. Mathison v. Minneapolis Street Ry. Co. 126 Minn. 286, at page 296, 148 N. W. 71, L. R. A. 1916D, 412; Podgorski v. Kerwin, 144 Minn. 313, 175 N. W. 694. And the provision subrogating the rights of the employe against the third party, cannot apply to those cases in which the employe, himself, has enforced his rights against such third party. The employer probably would not be bound by a settlement fraudulently or collusively made to deprive him of the benefit intended to him by the statute, but that question is not involved in this case.

The judgment is affirmed.