## BELINDA BROKMEIER v. JOHN LAMB.[1]

February 4, 1927.

No. 25,742.

**When finding of facts in compensation proceeding controls this court.**

Upon a record, in a compensation matter, where the industrial commission could find either way on the facts, its determination must control.

Workmen's Compensation Acts—C. J. p. 77 n. 96; p. 115 n. 37; p. 122 n. 40; p. 123 n. 42.

[1]Reported in 212 N. W. 187.

Certiorari to review an order of the industrial commission denying compensation in a proceeding under the workmen's compensation act. Affirmed.

*F. H. Peterson*, for relator.

*Geoffrey P. Mahoney*, for respondents.

WILSON, C. J.

Certiorari to review an order of the industrial commission denying compensation.

The employer was engaged in the coal and wood business in Moorhead. Fifth and Sixth streets of that city extend north and south and are intersected at right angles by a railroad right of way upon which are four or five tracks. Immediately to the south of the right of way, on the westerly half of the block between the two streets, are yards, sheds, stables and the office of the employer, who also has coal sheds immediately north of and adjacent to the north track and extending along the west half of the distance between the two streets. The office and stables are near Fifth street. The employe, a teamster, was engaged in loading coal, binned at the west end of the coal shed, into his wagon. He was to load and deliver a load of mine run coal which, as the term is here used, means fine broken coal and dust obtained by removing the lumps and using the fine coal underneath. The lumps are removed by means of a coke fork, resembling a potato fork, so that the remaining fine coal and dust may be shoveled. At the time of the accident the employe's wagon was about half loaded. He had no fork. He apparently needed one. He put his shovel on the wagon, left the team and wagon in this situation and went about a half block east to Sixth street. His team was not tied and his absence apparently temporary. A freight train of 79 cars was slowly moving eastward. About one-third of the train had passed. He was seen on the west side of Sixth street about 30 feet north of the tracks. Here he was east and north of the team. He walked southerly and was seen to go between two cars of the moving train, take hold of the grabirons on the end of the two cars and move as if he were trying to swing

himself upon the couplings in an attempt to climb through the moving train. He ran along with the train for nearly 60 feet. Apparently not discouraged by an unsuccessful effort to swing himself upon the coupling, he made a second effort and seemed to have succeeded in getting his feet on the coupling when his hand hold gave way and he fell beneath the wheels and was killed.

What prompted or caused this conduct on the part of the employe we do not know. The evidence would support an inference that he was in need of a coke fork which was kept at the office or in the stable adjacent thereto and that he was in truth on his way to get it. The record does not command such finding. Indeed he was going in almost the opposite direction from where the fork was kept. When he took hold of the train he was a half block from his team and was farther from the fork than the team was. It is also suggested that he might have been seeking toilet facilities but they were to be had at the office and stable and there is nothing to indicate that he was directed toward such facilities elsewhere. These suggestions were doubtless presented to the trier of facts. We think there is much force in the suggestion that the employe was taking an honest but awkward route to get the necessary coke fork to carry on his work. True, he could have gone almost directly south from the team and crossed the tracks in the middle of the block. He could also have gone to Fifth street and taken a nearer route to get the fork. But a mistake in judgment in selecting his course is not fatal. Neither is negligence. The record fails to show that the employe was on any errand personal to himself. The circumstances, in our judgment, tend strongly to support the inference claimed by the relator. But the fact that we might have so found does not permit us, in the face of the record which would support a finding either way, to disregard the findings of the commission. Walker v. Minnesota Steel Co. 167 Minn. 475, 209 N. W. 635.

With the fact established by the commission that the employe was neither going after the fork nor seeking toilet facilities, the record fails to connect the employe's presence at the place of accident with his work. The exposure of the employe to injury from

the train was common to the public. It did not under the findings of fact follow as an incident to the employment. For reasons unknown employe left the premises of his employer, and we must conclude from the established facts that he departed from the scope of his employment. The facts as found do not show that his work involved the hazard or risk which the employe assumed in attempting to climb through the moving train. The commission did not consider the risk involved in this rash and fatal venture as an incident to the employment. It is not established as a fact that he was engaged in an effort to further his employer's interest. Indeed, it is now an established fact that at the time of the accident the employe was not engaged in the performance of his duty. In support of such conclusion of the commission we should point to the fact that the employe had left the premises of the employer and had climbed on the moving train in violation of a statute which makes such conduct a crime. G. S. 1923, § 10507. This was an important factor for consideration in determining whether the employe voluntarily incurred an additional risk or hazard not usual to his work and not contemplated by the contract of employment or incidental thereto. The essential fact in relator's case has been determined adversely and hence the authorities support the conclusion of law. Christensen v. Hauff Bros. 193 Iowa, 1084, 188 N. W. 851; State ex rel. Miller v. District Court, 138 Minn. 326, 164 N. W. 1012; State ex rel. Niessen v. District Court, 142 Minn. 335, 172 N. W. 133; Novack v. Montgomery Ward & Co. 158 Minn. 495, 498, 198 N. W. 290. Whether the employe as a mater of law departed from the scope of his employment by assuming risks not fairly contemplated by the agreement of service when he attempted to climb through the moving train, we do not decide. See Jacobson's Case, 248 Mass. 466, 143 N. E. 317; Mason v. Alexandre, 96 Conn. 343, 113 Atl. 925.

Affirmed.