EUNICE JOHNSTON (FORMERLY MASON) v. STATE OF
MINNESOTA, DEPARTMENT OF SOCIAL SECURITY,
DIVISION OF PUBLIC INSTITUTIONS,
MINNESOTA STATE SANATORIUM.[1]

January 22, 1954.

No. 36,085.

*J. A. A. Burnquist,* Attorney General, and *G. L. Ware,* Special
Assistant Attorney General, for relator.

*Stacker & Stacker* and *Thomas J. Burke,* for respondent.

[1]Reported in 62 N. W. (2d) 347.

CHRISTIANSON, JUSTICE.

Certiorari to the industrial commission to review an order granting respondent medical benefits and compensation for temporary total disability resulting from tuberculosis under M. S. A. 251.041 to 251.043.

Respondent was employed as a practical nurse by relator at the state tuberculosis sanatorium at Walker, Minnesota, from July 1945 to April 2, 1947. Her duties brought her in direct contact with known tubercular patients. A Mantoux test given when she was first employed produced negative findings. A subsequent Mantoux test given on November 15, 1945, produced a positive reaction, but all of the chest X rays which were given periodically throughout her employment with relator produced negative findings. Respondent reported no illness while in relator's employ, and she was in apparent good health when she left its employ. After April 2, 1947, respondent had no known contacts with tubercular individuals. In the summer of 1949 she discovered that she had active tuberculosis and entered the Mt. Washington sanatorium at Eau Claire, Wisconsin. Thereafter she instituted the present proceedings.

The referee who conducted the hearing determined that respondent's active tuberculosis was not an accidental injury arising out of and in the course of her employment with relator and denied her petition. On appeal, the industrial commission vacated the referee's findings, determined that respondent's active tuberculosis was an accidental injury arising out of and in the course of her employment with relator, and awarded her medical benefits and compensation under §§ 251.041 to 251.043.

■ Relator contends that, since L. 1947, c. 616 (§§ 251.041 to 251.043) was passed after respondent ceased to be an employee of relator, respondent has no rights under this chapter even though she became disabled after the passage of this chapter as a result of a tubercular infection sustained during her employment with relator. However, respondent argues that, since M. S. A. 1945, §§ 246.27 to 246.29, 251.04, and 251.05 were in effect throughout the time of her employment with relator, the repeal of §§ 246.29, 251.04, and 251.05

by L. 1947, c. 616, did not affect her rights under these sections, relying upon M. S. A. 645.37, which provides as follows:

"When a law is repealed and its provisions are at the same time reenacted in the same or substantially the same terms by the repealing law, the earlier law shall be construed as continued in active operation. All rights and liabilities incurred under such earlier law are preserved and may be enforced."

Thus the initial question presented is what rights, if any, did respondent have under §§ 246.27 to 246.29, 251.04, and 251.05.

The pertinent sections of M. S. A. 1945 provided in part as follows:

"246.27. **PHYSICAL EXAMINATIONS FOR EMPLOYMENT IN CERTAIN STATE INSTITUTIONS.**

\* \* \* \* \*

"[*1941 c. 479 s. 1*]

"246.28 **WHAT INCLUDED IN EXAMINATION.**

\* \* \* \* \*

"[*1941 c. 479 s. 2*]

"246.29 **SUPERINTENDENT TO REPORT ILLNESS.** When the superintendent of any state institution under the direction of the division of public institutions learns that any employee of the institution whose duties brought the employee in direct contact with inmates therein who were known to be afflicted with tuberculosis *has contracted and become ill from tuberculosis while employed in the institution* he shall report such illness to the director of the division of public institutions, who shall in turn report the same to the industrial commission. The industrial commission, upon receiving such report, shall mail to the superintendent of the institution blank forms for a petition to be filled out by the employee claiming the medical and sanatorium treatment and compensation provided for in sections 251.04 and 251.05. The industrial commission shall thereupon set the claim for a hearing and determination in the same manner as claims of other state employees under the workmen's compensation law are heard and determined. [Italics supplied.]

"[*1941 c. 479 s. 3*]"

"251.04 **EMPLOYEES IN STATE INSTITUTIONS TO BE PLACED IN SANATORIUM.** If, upon the evidence produced at *the hearing mentioned in section 246.29,* the industrial commission finds that *such employee* is suffering from tuberculosis contracted in the institution by contact with tuberculous inmates therein, it shall order the director of the division of public institutions to apply for the admission of the employee to the state sanatorium for consumptives or some county tuberculosis sanatorium. * * * [Italics supplied.]

"[*1941 c. 479 s. 4;* * * *]"

Relator contends that § 246.29 qualifies § 251.04 and that an employee not only must contract tuberculosis while employed in such institution but also must become ill from tuberculosis while so employed in order to be entitled to benefits. It therefore asserts that, since respondent did not become ill from tuberculosis while employed by relator, she does not qualify for benefits under these sections. Respondent concedes that she did not become ill from tuberculosis while employed by relator, but she contends that § 246.29 is merely a procedural and administrative enactment imposing a duty upon the superintendents of certain state institutions to report certain cases of tuberculosis and that it does not purport to qualify or limit § 251.04.

M. S. A. 645.16 provides in part as follows:

"When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit."

Such is the situation presented in the instant case. Counsel for both parties have ably argued policy reasons in support of their respective positions, but we find no room for judicial construction here. To us the statutory language is clear and unambiguous. Section 246.29 sets forth three definite requirements: (1) That the claimant be an employee of a state institution under the direction of the division of public institutions; (2) that the employee's duties bring him in direct contact with known tuberculous inmates; and (3) that the employee contract and become ill from tuberculosis while so

employed. If these requirements are met, a report is submitted and a hearing held. Section 251.04, which necessarily refers back to the preceding section—§ 246.29—, adds the requirement that the contact with the tuberculous inmates be the source of the employee's infection and then goes on to enumerate the medical benefits and compensation available. Since admittedly respondent did not become ill from tuberculosis while in relator's employ, we conclude that she does not qualify for benefits under §§ 246.29 and 251.04.[2]

[2]The theory of the dissents has not been overlooked. However, §§ 246.29 and 251.04 were originally enacted as §§ 3 and 4, respectively, of L. 1941, c. 479, entitled:

*"An act relating to the employment of persons in certain state institutions; the treatment of certain employees for tuberculosis contracted in such institutions, and the payment to them of compensation during a prescribed period of disability, and the manner and means of making such payments; providing for hearings by the Industrial Commission and determination of certain rights of such employees; and repealing Laws 1939, Chapter 116."*

Sections 3 and 4 of said act provided as follows:

"Sec. 3. **Superintendent to report illness.**—Whenever the superintendent of any state institution under the direction of the Division of Public Institutions learns that any employee of such institution whose duties brought such employee in direct contact with inmates therein who were known to be afflicted with tuberculosis has contracted and become ill from tuberculosis while employed in such institution, he shall report such illness to the director of the Division of Public Institutions, who shall, in turn, report the same to the Industrial Commission. The Industrial Commission, upon receiving such report, shall mail to the superintendent of such institution blank forms for a petition to be filled out by such employee claiming the medical and sanatorium treatment and compensation hereinafter provided for. The Industrial Commission shall thereupon set the claim for a hearing and determination in the same manner as claims of other state employees under the workmen's compensation law are heard and determined."

"Sec. 4. **Employees to be placed in sanatorium.**—If, upon the evidence produced at such hearing, the Industrial Commission finds that such employee is suffering from tuberculosis contracted in such institution by contact with tuberculous inmates therein, it shall order the director of the Division of Public Institutions to apply for the admission of such employee

Respondent does not contend that L. 1947, c. 616 (§§ 251.041 to 251.043) is retroactive, and there would be no basis for such a contention with respect to the facts of the instant case. See, Peterson v. State (Operating University Hospitals), 234 Minn. 81, 47 N. W. (2d) 760. This being true and since respondent is not entitled to benefits under §§ 246.29 and 251.04, and since she terminated her employment with relator before the enactment of L. 1947, c. 616, we must conclude that she has no rights under this chapter. Moreover, since respondent did not contract tuberculosis "within 12 months previous to the date of disablement," as required by M. S. A. 176.66, subd. 3, she would not be entitled to benefits under the occupational disease provisions of the workmen's compensation act. For the foregoing reasons, we are of the opinion that the order of the industrial commission granting respondent medical benefits and compensation must be reversed.

Reversed.

THOMAS GALLAGHER, JUSTICE (dissenting).

I am of the opinion that respondent is entitled to compensation under M. S. A. 1945, § 251.04 and that § 246.29 does not constitute a bar thereto. Section 251.04 provides:

"If, upon the evidence produced at the hearing mentioned in section 246.29, the industrial commission finds that such employee *is suffering from tuberculosis contracted in the institution by contact with tuberculous inmates therein,* it shall order the director of the division of public institutions to apply for the admission of the employee to the state sanatorium for consumptives \* \* \*." (Italics supplied.)

It is to be noted that § 251.04 does not require a finding that the claimant referred to therein *had become ill while employed in the*

___

to the state sanatorium for consumptives or some county tuberculosis sanatorium. \* \* \*"

It is apparent to us from a reading of these two sections that they must be construed together and that § 3 coded as § 246.29 qualifies § 4 coded as § 251.04 so that in order for an employee to qualify for benefits thereunder he must meet the requirements of both sections of the statute.

*institution* for the claimant to be entitled to compensation. It is true that § 246.29 requires the superintendent of a state institution to report to the director of the division of public institutions any employee who has *contracted and become ill* from tuberculosis while employed in the institution, but that is merely so that proper claims for compensation can be filed therefor. Thereafter under § 251.04 the essential finding to entitle such an employee to compensation is not that he *became ill from tuberculosis while employed* in the institution but rather that he *"contracted" tuberculosis while thus employed*. Section 246.29 is clearly but a procedural or administrative enactment, while § 251.04 sets forth the essential requisites which entitle such employee to compensation.

Tuberculosis is known to be a progressive disease and often its presence is unknown to the person afflicted therewith until some years after it is contracted. With this in mind, I feel that under § 251.04 the legislature clearly intended that an employee who had actually contracted the disease while employed in a state institution by virtue of coming in contact with tubercular patients therein was eligible for compensation without the need of establishing illness to the point of incapacity while thus employed.

DELL, CHIEF JUSTICE (dissenting).

It seems to me that M. S. A. 1945, §§ 246.29 and 251.04 are sufficiently ambiguous to require judicial construction. Under a strict construction of the statutes it cannot be denied that there is much merit to the views expressed in the majority opinion. However, these being workmen's compensation statutes, they must receive a broad and liberal construction in the interest of the workman since the workmen's compensation act is highly remedial and should not be construed to exclude an employee from benefits unless it clearly appears that he does not come within the protection of the act.[3]

---

[3]Moore v. J. A. McNulty Co. 171 Minn. 75, 213 N. W. 546; Nyberg v. Little Falls Black Granite Co. 192 Minn. 404, 256 N. W. 732; Nelson v. Creamery Package Mfg. Co. 215 Minn. 25, 9 N. W. (2d) 320; Thoresen v. Schmahl, 222 Minn. 304, 24 N. W. (2d) 273.

Under the liberal construction which these statutes should receive, I agree with Mr. Justice Thomas Gallagher that § 246.29 is procedural while § 251.04 sets forth the essential requisites which entitle the employee to compensation.

NELSON, JUSTICE (dissenting).

I concur in the dissents of Mr. Chief Justice Dell and Mr. Justice Thomas Gallagher.