HUBERT MARSOLEK v. MILLER WASTE MILLS AND OTHERS.[1]

February 25, 1955.

No. 36,271.

---

[1]Reported in 69 N. W. (2d) 617.

*Francis X. Helgesen* and *James B. Lund,* for relator.

*Ralph Foster* and *George V. Johnson,* for respondents Winona Machine & Foundry Company and American Mutual Liability Insurance Company.

*S. S. Larson* and *J. Frank Boyles,* for respondents Miller Waste Mills and United States Fidelity & Guaranty Company.

THOMAS GALLAGHER, JUSTICE.

Certiorari to review a decision of the industrial commission, wherein relator's compensation for temporary total disability was reduced from $27 per week, payable by two former employers, to $13.50 per week, payable by one such employer, for a period not to exceed 300 weeks as prescribed by M. S. A. 1945, § 176.11, subd. 1, as amended by L. 1947, c. 611, § 1.

Relator was first injured June 10, 1944, while employed by Miller Waste Mills, insured by the United States Fidelity & Guaranty Company, and as a result totally disabled from July 11, 1945, to

August 28, 1945, and from September 27, 1945, to April 1, 1946. For this he was paid compensation at the prevailing rate of $20 per week for the 33½ weeks involved.

On October 3, 1946, and on January 16, 1948, relator suffered new accidents in the course of his employment by Winona Machine & Foundry Company, insured by American Mutual Liability Company. On January 17, 1949, the commission through its referee found that these later two accidents resulted in temporary total disability "superimposed upon a residual condition which resulted from the accident of June 10, 1944, which * * * was * * * aggravated by the two later accidents." No appeal was taken from this decision, and by virtue thereof relator received compensation at the prevailing rate of $27 per week, equally apportioned between Miller Waste Mills and Winona Machine & Foundry Company for a period of 70⅓ weeks. No determination as to permanent partial disability was made in this proceeding.

On June 6, 1950, relator commenced employment with Archer Daniels Midland Company at a weekly wage of $52.60 and was so employed until April 10, 1953, the date of hearing in the present proceeding. In this, the referee found that on April 10, 1953, relator had become temporarily and totally disabled as a result of the former accidents and determined that compensation therefor at the rate of $27 should be paid equally by Miller Waste Mills and by Winona Machine & Foundry Company for a period not to exceed 300 weeks from January 16, 1948, the date of the last accident. His determination was in part based upon the commission's decision of January 17, 1949, wherein it was held that the occurrences of October 3, 1946, and January 16, 1948, were new accidents imposing injuries upon a residual condition of the first accident rather than mere recurrences of the disabilities which had resulted therefrom.

On appeal the commission adopted the referee's findings as to the facts but held that under § 176.11, subd. 1,[2] as it applied on

[2]Section 176.11, subd. 1, provided: "For injury producing temporary total disability, 66 2/3 per cent of the daily wage at the time of injury, subject to a maximum compensation of $24.00 per week and a minimum of

June 10, 1944, since more than 300 weeks had elapsed from that date, Miller Waste Mills was no longer responsible for compensation for relator's temporary total disability, due to his first accident,[3] and that Winona Machine & Foundry Company was liable for only the 50 percent of the award previously apportioned to it, thereby reducing relator's weekly payments to $13.50 for not to exceed 300 weeks of compensation.[4] Relator appeals from this determination.

■ We have frequently held that disability resulting from the aggravation of an existing infirmity, which is caused by an accident sustained in the course of employment, is compensable, even though such accident would have caused no injury to a normal person. Wilkins v. Ben's Home Oil Co. 166 Minn. 41, 207 N. W. 183; Klika v. Independent School Dist. No. 79, 166 Minn. 55, 207 N. W. 185; Klika v. Independent School Dist. No. 79, 161 Minn. 461, 202 N. W. 30; Maxon v. Swift & Co. 158 Minn. 491, 198 N. W. 133; Babich v. Oliver I. Min. Co. 157 Minn. 122, 195 N. W. 784, 202 N. W. 904; Gaetz v. City of Melrose, 155 Minn. 330, 193 N. W. 691; Hogan v. Twin City Amusement Trust Estate, 155 Minn. 199, 193 N. W. 122; State ex rel. Jefferson v. District Court, 138 Minn. 334, 164 N. W. 1012.

---

$10.00 per week; provided, that if at the time of injury the employee receives wages of $10.00 or less per week, he shall receive the full amount of such wages per week; this compensation shall be paid during the period of such disability, *not beyond 300 weeks,* payment to be made at the intervals when the wage was payable, as nearly as may be." (Italics supplied.)

[3]See, Johnson v. Iverson, 175 Minn. 319, 221 N. W. 65, 222 N. W. 508. L. 1947, c. 611, § 1, amending § 176.11, subd. 1, was subsequently enacted. It provided for weekly payments "not to exceed 300 weeks of compensation" and would appear to authorize an award in which such payments might be made intermittently if the disability proved to be intermittent.

[4]Section 176.11, subd. 1, as amended by L. 1947, c. 611, § 1, provided: "For injury producing temporary total disability, 66 2/3 per cent of the daily wage at the time of injury, subject to a maximum compensation of $27.00 per week and a minimum of $13.50 per week; provided, that if at the time of injury the employee receives wages of $13.50 or less per week, he shall receive the full amount of such wages per week; this compensation shall be paid during the period of such disability, *not to exceed 300 weeks of compensation,* payment to be made at the intervals when the wage was payable, as nearly as may be." (Italics supplied.)

■ It is true that where an employee's compensable disability is in part the result of an industrial accident sustained under a new employer and in part the result of a prior industrial accident sustained under a former employer still liable therefor under compensation statutes, a number of courts have apportioned full compensation for such disability between the two employers (Employer's Cas. Co. v. United States F. & G. Co. 214 Ark. 40, 214 S. W. [2d] 774; Mund v. Farmers' Co-op. Inc. 139 Conn. 338, 94 A. [2d] 19; Meszaros v. Goldman, 307 N. Y. 296, 121 N. E. [2d] 232; Matter of Anderson v. Babcock & Wilcox Co. 256 N. Y. 146, 149, 175 N. E. 654, 655; see, 2 Larson, Workmen's Compensation Law, § 95.31; Riesenfeld and Maxwell, Modern Social Legislation, p. 313), although the Massachusetts and Michigan courts appear to have held to the contrary. Fitzpatricks' Case (Mass.) 118 N. E. (2d) 774; Lambert's Case, 325 Mass. 516, 91 N. E. (2d) 228; Brinkert v. Kalamazoo Vegetable Parchment Co. 297 Mich. 611, 298 N. W. 301. While we have not had occasion to pass directly on this question, we have approved apportionment of liability for disability resulting from successive accidents under the same employer between two insurers, one of whom represented the employer at the time of the first accident and the other of whom represented him when the second occurred. Carpenter v. Arrowhead Steel Products Co. 194 Minn. 79, 259 N. W. 535; Peniston v. City of Marshall, 192 Minn. 132, 255 N. W. 860.[5]

■ In the instant case under § 176.11, subd. 1, as it read before its amendment, the liability of Miller Waste Mills for relator's temporary total disability resulting from the first accident had terminated with the expiration of 300 weeks from June 10, 1944 (Johnson v. Iverson, *supra*), and we do not believe that the legislature, by the amendment to this section enacted by L. 1947, c. 611, § 1, intended that such liability be revived. It is well settled that a statute, whether procedural or substantive in nature, should not be con-

[5]Neither M. S. A. 176.66, subd. 5, which authorized apportionment of compensation liability amongst two or more employers jointly liable for disability due to occupational diseases, nor § 176.13, which relates to the special compensation fund, are here involved.

strued as retroactive unless the legislature clearly manifested its intention that it be so applied. Chapman v. Davis, 233 Minn. 62, 45 N. W. (2d) 822; M. S. A. 645.21. This doctrine has governed the construction of statutes enacted for liberalization and extension of coverage and benefits under the workmen's compensation act. Carroll v. State, 242 Minn. 70, 64 N. W. (2d) 166; Johnston v. State, 241 Minn. 72, 62 N. W. (2d) 347; Aetna Cas. & Surety Co. v. Industrial Acc. Comm. 30 Cal. (2d) 388, 182 P. (2d) 159; Simmons v. Smith, 202 Md. 367, 96 A. (2d) 480; Price v. Railway Exp. Agency, Inc. 322 Mass. 476, 78 N. E. (2d) 13; Weil v. Taxicabs of Cincinnati, Inc. 139 Ohio St. 198, 39 N. E. (2d) 148; Capobianco v. United Wire & Supply Corp. 78 R. I. 309, 82 A. (2d) 170. Since there is no such manifestation in the 1947 amendment to § 176.11, subd. 1, the latter must be applied as it read prior to such amendment. It follows that the commission was correct in holding that the liability of Miller Waste Mills for relator's temporary total disability had terminated prior to the hearing in the present proceedings since the 300-week limitation had then expired.

■ But this fact should not have been made the basis for the commission's determination that Winona Machine & Foundry Company was thereby absolved from liability for compensation payments for relator's temporary total disability in excess of 50 percent of the applicable rate. Under the general principles expressed in paragraph 1 above, such liability was not affected in any measure by the fact that the disability resulted from the aggravation of an existing infirmity, even though the latter was due to a former industrial accident, since all liability of the former employer therefor had terminated. Under such circumstances, relator could not be regarded any differently than an employee with an infirmity due to other than industrial causes, upon which an industrial accident has imposed further disability. Such an employee is entitled to full compensation for his disability from the employer in whose employment the new accident was sustained even though the disability was the result of the aggravation of the prior infirmity; and in the instant case relator's right to compensation is governed by the same principle.

The situation is not unlike that presented in Stansbury v. National Auto. & Cas. Ins. Co. (L. App.) 52 So. (2d) 300, which involved one employer but two different insurers. There, the employee had suffered a fractured leg in an industrial accident for which the first insurer paid 52 weeks' compensation. Subsequently, while a new insurer carried the compensation risk, he fractured the same leg in a new industrial accident. It was determined that the resulting disability was the result of both accidents and liability therefor was apportioned between the two insurers. Under applicable law there, the maximum period for compensation payments was limited to 400 weeks. There, the first insurer was called upon to pay its prorata share of the compensation for not to exceed an additional 348 weeks, while the second insurer was required to pay its prorata share thereof for not to exceed such period; and thereafter to pay full compensation until expiration of the remainder of its 400-week limitation period, if disability continued to such date. Thus, the principle here applied was recognized by the Louisiana court.

We hold that relator should have been awarded compensation at the rate of $27 per week for temporary total disability, payable by Winona Machine & Foundry Company for the period prescribed by § 176.11, subd. 1, as amended.

Reversed and remanded for further proceeding consistent herewith. Relator is allowed the sum of $350 attorney's fees and costs in this court.

Reversed.